UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE J. STEVENSON,<br><br>                Petitioner,<br><br>   v.<br><br>LOS ANGELES SUPERIOR COURT,<br><br>                Respondent. | Case No. CV 19-4622 CJC(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

## I. BACKGROUND

On May 28, 2019, petitioner Stevie J. Stevenson, a California inmate who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition") with a supporting memorandum ("Petition Memo") and exhibits ("Petition Ex."). Petitioner is serving an indeterminate sentence of life without the possibility of parole from a 1992 conviction in Los Angeles Superior Court Case No. BA011908 ("State Case"). (Petition at 2). The Petition assertedly does not concern petitioner's conviction and/or sentence, but rather the "denial of state law entitlements" related to post-conviction discovery as part of prosecuting a state habeas petition. (Petition at 2, 5-6). Specifically, petitioner claims that the Los Angeles Superior Court: (1) deprived him of due process under California Penal

Code section 859c,[1] when his trial judge ruled on a habeas petition challenging that judge's orders and rulings (Ground One); (2) deprived him of due process and denied him his asserted "liberty interest" under California Penal Code section 1054.9,[2] by refusing to hear petitioner's *pro se* arguments for discovery not raised by counsel appointed for those proceedings (Ground Two); (3) deprived him of due process and access to the courts under California Penal Code section 1473(a),[3] by refusing to permit petitioner to file *pro se* a habeas petition when petitioner was represented by appointed counsel (Ground Three); (4) deprived him of due process under California Code of Civil Procedure section 170.6(a)(1),[4] by refusing to rule on a peremptory challenge to disqualify the trial judge from presiding over the post-conviction proceedings (Ground Four); and (5) deprived him of "equal

---

[1] California Penal Code section 859c provides that, unless agreed to by the parties, review of a ruling or order made by a superior court judge shall be performed by a superior court judge other than the judge who originally made the order. See Cal. Penal Code § 859c.

[2] California Penal Code section 1054.9 provides for a limited statutory right to post-conviction discovery for defendants sentenced to death or life without the possibility of parole. Barnett v. Superior Court, 50 Cal. 4th 890, 897 (2010), cert. denied, 563 U.S. 939 (2011). It permits discovery to aid in preparing a habeas corpus petition even before an actual petition has been filed. In re Steele, 32 Cal. 4th 682, 691 (2004) (providing that discovery request should first be filed in the trial court that rendered the underlying judgment). Discovery pursuant to Section 1054.9 is part of the prosecution of a habeas corpus matter, not part of the underlying criminal case. People v. Superior Court (Pearson), 48 Cal. 4th 564, 572 (2010); Rubio v. Superior Court, 244 Cal. App. 4th 459, 479 (2016) (citing Pearson).

[3] California Penal Code section 1473(a) provides: "A person unlawfully imprisoned or restrained of his or her liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of his or her imprisonment or restraint." Cal. Penal Code § 1473(a).

[4] California Code of Civil Procedure section 170.6(a)(1) provides: "A judge . . . of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established . . . that the judge . . . is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding." Section 170.6(a)(2) provides that a party to a proceeding may establish prejudice by an oral or written motion directed to the assigned judge. See Cal. Code Civ. P. § 170.6(a)(2).

protection of the laws" by requiring petitioner to pay for an attorney to pursue certain discovery and to file a state habeas petition, because petitioner's appointed counsel would not file the same and the court would not permit petitioner to file them *pro se* (Ground Five). (Petition at 5-6; Petition Memo at 4-18, 21-57).

Petitioner requests that this Court: (a) issue a writ of habeas corpus; (b) find that California Penal Code sections 859c, 1054.9, and 1473(a) and California Code of Civil Procedure section 170.6 give rise to a liberty interest and determine what due process requires for each; (c) issue an order to show cause; (d) order respondent to file a response; (e) order an evidentiary hearing; (f) issue an order permitting petitioner to submit his discovery requests to the Los Angeles County Superior Court requiring responses from the Los Angeles District Attorney's office, and the Los Angeles and San Diego City Attorneys and Police Chiefs; (g) refer this matter to an unspecified body for investigation of the Los Angeles District Attorney's Office for allegedly deliberately destroying evidence or permanently losing assertedly exculpatory evidence; and (h) grant petitioner any other relief the Court deems appropriate. (Petition Memo at 19).

Petitioner previously filed a federal habeas petition in Stevenson v. People of the State of California, C.D. Cal. Case No. 16-3945 CJC(JC) ("Prior Action"), purporting to raise claims related to the trial court's denial of petitioner's request to represent himself in pursuing his post-conviction discovery motion under Section 1054.9. See Prior Action Docket No. 1. This Court summarily dismissed such petition on July 20, 2016. See Prior Action Docket No. 8. On May 24, 2017, the Ninth Circuit denied petitioner's request for a certificate of appealability. See Prior Action Docket No. 15. The Court takes judicial notice of documents on file in the Prior Action. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).
///

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because it plainly appears from the Petition and accompanying documents that petitioner is not entitled to the relief he seeks from this Court, the Petition must be dismissed.

### A. The Court Is without Habeas Jurisdiction to Order the Los Angeles County Superior Court to Permit Discovery, to Require Responses to Discovery, or to Refer the Matter for Investigation as Requested

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by the Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "The power of a federal habeas court 'lies to enforce the right of personal liberty.' As such, a habeas court 'has the power to release' a prisoner, but 'has no other power[.]'" Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citations omitted), cert. denied, 565 U.S. 1116 (2012); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.") (citation omitted).

A federal habeas court lacks the authority to revise or void a state court judgment; it can act only on the body of the petitioner. Douglas, 626 F.3d at 504. (citation omitted); see generally Demos v. U.S. Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir.) (observing that federal court also lacks jurisdiction under 28 U.S.C. § 1651 to issue a writ of mandamus to a state

court; petition seeking writ to compel a state court to take or refrain from some action was frivolous as a matter of law), cert. denied, 498 U.S. 1123 (1991). Accordingly, the Court lacks the authority to order discovery in the State Case or to refer the matter for investigation of the District Attorney's office.[5]

### B. Federal Habeas Relief Is Not Available to Redress Errors in State Post-Conviction Proceedings

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, although petitioner's claims employ terms such as "due process," "liberty interest," and "equal protection" (see, e.g., Petition at 5-6; Petition Memo at 26), it is apparent from the Petition and its accompanying documents that petitioner is alleging state law errors arising during post-conviction discovery and

---

[5]Although not the basis of the dismissal herein, to the extent petitioner is seeking to raise federal habeas claims, he has not named the proper respondent. The appropriate respondent for a petition for writ of habeas corpus by a person in state custody is petitioner's immediate custodian (*i.e.*, the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

habeas proceedings which are not cognizable on federal habeas review.

Federal habeas relief is not available to redress procedural errors in state post-conviction proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) (citations omitted), cert. denied, 526 U.S. 1123 (1999), overruled on other grounds, Apelt v. Ryan, 878 F.3d 800, 827 (9th Cir. 2017), pet. for cert. filed, __ U.S.L.W. __, No. 18-8386 (U.S. Mar. 11 2019); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.) (per curiam) ("a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"), cert. denied, 493 U.S. 1012 (1989); see also Silversky v. Frink, 500 Fed. App'x 625, 626 (9th Cir. 2012) ("A federal habeas petition is not the proper vehicle for addressing the adequacy of process provided to Silversky in state post-conviction proceedings."), cert. denied, 569 U.S. 952 (2013); Enno v. Blades, 357 Fed. App'x 754, 756 (9th Cir. 2009) (Tashima, J., concurring) ("Whatever his remedy may be for asserted errors of constitutional dimension in his state post-conviction proceeding, it is not under [28 U.S.C.] § 2254.") (citing Franzen). This is because a habeas petitioner must allege that his or her detention violates the United States Constitution, a federal statute, or a treaty. Franzen, 877 F.2d at 26; 28 U.S.C. § 2254(a). An attack on the petitioner's state post-conviction proceedings "is an attack on a proceeding collateral to the detention and not the detention itself." Nicholas v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) (internal citation and quotation marks omitted), cert. denied, 518 U.S. 1022 (1996).

Federal habeas relief is also unavailable for alleged errors in the application of state constitutional, statutory, or decisional law. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus.") (citation omitted), cert.

denied, 522 U.S. 811 (1997); Smith v. Phillips, 455 U.S. 209, 221 (1982) (federal courts "may intervene only to correct wrongs of constitutional dimension"). The fact that petitioner now is attempting to characterize his claims as federal constitutional claims is not sufficient to render them such. See, e.g., Little v. Crawford, 449 F.3d 1075, 1083 & n.6 (9th Cir. 2006) ("Little cannot establish an equal protection claim warranting habeas relief, simply because, or if, the Nevada Supreme Court misapplied Nevada law or departed from its past precedents."; "We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.") (citation omitted), cert. denied, 551 U.S. 1118 (2007); Langford v. Day, 110 F.3d at 1389 (petitioner may not "transform state-law issue into a federal one merely by asserting a violation of due process"); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (notwithstanding petitioner's characterization of claim as due process violation, claim was matter of state criminal procedure not within purview of federal habeas court), cert. denied, 514 U.S. 1026 (1995).

Petitioner's citations to Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (state law provided for imposition of criminal punishment at discretion of trial jury, which created a "liberty interest" in jury determination protected under the Fourteenth Amendment), and District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009) (finding that petitioner had liberty interest in demonstrating his innocence with new evidence under state law) (Petition Memo at 17), do not transform his state law claims into a federal entitlement by asserting a violation of due process. Unlike the present case, Hicks concerned a direct challenge to a petitioner's detention. Further, in Osborne, the Supreme Court held that there is no freestanding substantive federal due process right to obtain post-conviction discovery of exculpatory evidence. Osborne, 557 U.S. at 69, 72-75 ("When a state chooses to offer help to those seeking relief from convictions, due

process does not dictate the exact form such assistance must assume. Osborne's right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief."; finding nothing inadequate about state's procedures for state right to post-conviction relief) (internal brackets, quotations and citation omitted). Osborne makes clear that petitioner cannot state a substantive federal due process claim arising from an alleged violation of a state post-conviction right to inspect evidence. Therefore petitioner's claims which arise from the trial court's post-conviction discovery rulings do not, in and of themselves, raise a federal due process claim. See, e.g., Thomas v. Mattox, 2017 WL 5634608, at *4 (C.D. Cal. Aug. 22, 2017) (reaching same conclusion), report and recommendation adopted, 2017 WL 5634099 (C.D. Cal. Nov. 20, 2017), appeal dism'd, 2018 WL 3031490 (9th Cir. May 17, 2018).

      **C.    Petitioner Has Not Shown That Any of the Alleged State-Law Errors – Even if Cognizable on Federal Habeas Review – Were Sufficiently Egregious to Violate His Constitutional Rights**

Even if the Court were to reach the merits of petitioner's claims based on perceived errors of state law, petitioner has not shown state-law errors "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." Pulley v. Harris, 465 U.S. 37, 41 (1984) (in finding errors of state law not subject to habeas review, observing, as dicta, that the petitioner's submission did not persuasively show a constitutional violation).

First, petitioner has not shown that the trial judge violated California Penal Code section 859c by ruling on petitioner's state habeas petition. See Maas v. Superior Court, 1 Cal. 5th 962, 980 (2016) ("When the judge assigned to examine and rule on [a state] habeas corpus petition is the same judge who presided at the petitioner's criminal trial, 'there is no judge better suited for making a

determination of the issues raised in [the] petitioner's petition,' and the petitioner is not permitted at that point to mount a peremptory challenge under section 170.6.") (quoting Yokley v. Superior Court, 108 Cal. App. 3d 622, 628 (1980)). Petitioner's claim of error provides no basis for federal habeas relief. See generally Prevedello v. Cate, 2015 WL 3887007, at *27 (C.D. Cal. Apr. 21, 2015) (finding claim that superior court judge's handling of habeas petition violated Section 859c is not a basis for federal habeas relief and citing other district court cases so finding), report and recommendation adopted, 2015 WL 3901645 (C.D. Cal. June 24, 2015). It plainly appears from the Petition and accompanying documents that petitioner is not entitled to federal habeas relief on Ground One.

Second, petitioner's claim that the trial court violated his right to obtain discovery under California Penal Code section 1054.9 by denying petitioner's request to seek discovery *pro per* and forcing petitioner to proceed with appointed counsel, also does not provide a basis for federal habeas relief. Petitioner has cited no California authority requiring a trial court to permit a defendant to proceed *pro per* in post-conviction proceedings. See Petition Memo at 29-32. As is evident from the attachments to the Petition, petitioner was not deprived of his statutory right to pursue post-conviction discovery. Petitioner's appointed counsel requested from the prosecutor and subsequently moved for and obtained discovery under Section 1054.9 and Pitchess v. Superior Court, 11 Cal. 3d 531, 537 (1974). (Petition Exs. 3-4, 13A, 14A, 15, 16, 32, 45, 46).

While a criminal defendant has a constitutional right under the Sixth Amendment to proceed to trial without counsel when he voluntarily and intelligent elects to do so, Faretta v. California, 422 U.S. 806, 807 (1975), there is no clearly established United States Supreme Court authority suggesting that the United States Constitution bestows a right to self-representation upon a petitioner in a post-conviction proceeding. See Martinez v. Court of Appeal of California, Fourth Appellate Distr., 528 U.S. 152, 163 (2000) (Neither holding nor reasoning in

9

Faretta requires California to "recognize a constitutional right to self-representation on direct appeal from a criminal conviction"; "In requiring Martinez, under these circumstances, to accept against his will a state-appointed attorney, the California courts have not deprived him of a constitutional right."); In re Barnett, 31 Cal. 4th 466, 475 (2003) ("Although the United States Supreme Court has not ruled on this matter specifically, it is logical to conclude that if there is no federal constitutional right to self-representation in a state appeal as of right . . . then there is no such constitutional right in state collateral proceedings. Not only does the Sixth Amendment right to self-representation at trial clearly not apply, but the autonomy interests that survive a judgment of conviction surely are no greater once the judgment is affirmed on appeal and the inmate is relegated to the civil remedy of seeking collateral relief") (internal citation to Martinez omitted); see also Fletcher v. Beard, 2016 WL 2866431, *3 (E.D. Pa. May 16, 2016) (no federal constitutional right to self-representation in federal habeas proceeding; federal court has discretion to allow petitioner to proceed *pro se* or to insist that he accept representation). In the absence of a clearly established federal constitutional right to self-representation in a post-conviction collateral proceeding, petitioner cannot demonstrate that the decisions of the pertinent California courts declining to allow petitioner to represent himself in the California Penal Code section 1054.9 habeas-related proceedings, were contrary to, or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

    For the foregoing reasons, it plainly appears from the Petition and accompanying documents that petitioner is not entitled to federal habeas relief on Ground Two.

///

    Third, for the same reasons that Ground Two fails, petitioner's claim that the trial court violated his right to file a state habeas petition by refusing to permit

petitioner to file *pro se* a habeas petition when petitioner was represented by appointed counsel, also fails. Petitioner had no clearly established constitutional right to file his habeas petition *pro se* when he was represented by counsel. As is clear from the exhibits filed with the petition, although petitioner was being represented by appointed counsel, the trial court permitted petitioner to file *pro se* a habeas petition, which that court reviewed and summarily denied. See Petition Exs. 26, 30 (petition and order). The trial court at least arguably acted within its discretion in refusing petitioner the opportunity to file *pro se* a second habeas petition (see Petition Ex. 36 (second petition)) raising similar claims to those raised in the first petition. See In re Clark, 5 Cal. 4th 750, 767 (1993) (it "has long been the rule that absent a change in the applicable law or facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected").

     Assuming, *arguendo*, that the trial court erred under California law in rejecting petitioner's second *pro se* habeas petition for filing due to changed law or facts, and that such error rose to the level of a due process violation, petitioner can show no prejudice. See Fry v. Pliler, 551 U.S. 112, 119-20 (2007) (courts are to apply standard of review from Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), in assessing prejudicial impact of federal constitutional error at state-court criminal trial). The trial court's refusal to entertain a second *pro se* state habeas petition did not prevent petitioner from filing the same with the California Court of Appeal or the California Supreme Court to exhaust petitioner's claims as petitioner suggests (see Petition Memo at 34-35). See Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) ("Under California's unusual system of independent collateral review, a prisoner seeks review of a lower court's denial of relief by

///

filing an original petition for habeas corpus in the reviewing court.") (citations omitted), cert. denied, 564 U.S. 1019 (2011).

For the foregoing reasons, it plainly appears from the Petition and accompanying documents that petitioner is not entitled to federal habeas relief on Ground Three.

Fourth, petitioner's claim that the trial court violated California Code of Civil Procedure section 170.6(a)(1), by refusing to rule on his *pro se* motion to remove the trial judge from presiding over petitioner's discovery and habeas proceedings, fails to establish an error under state law. As noted above, a state habeas petitioner is not permitted to mount a peremptory challenge under section 170.6 where the judge assigned to rule on a habeas corpus petition served as the trial judge. See Maas v. Superior Court, 1 Cal. 5th at 980 (quoting Yokley v. Superior Court, 108 Cal. App. 3d at 628). Accordingly, it would have been proper for the trial judge to deny petitioner's Section 170.6 motion under existing California law. It plainly appears from the Petition and accompanying documents that petitioner is not entitled to federal habeas relief on Ground Four.

Finally, petitioner's claim that the trial court deprived him of equal protection of the laws by requiring petitioner to pay for an attorney to pursue discovery and to file a state habeas petition, because petitioner's appointed counsel would not file the exact discovery petitioner requested or a state habeas petition and the court would not permit petitioner to file petitioner's pleadings *pro se*, is not "sufficiently egregious" to amount to an equal protection violation. Pulley v. Harris, 465 U.S. at 41. Petitioner has cited to other incidents where allegedly similarly-situated prisoners have been permitted to seek discovery under Section 1054.9 without appointed or retained counsel. (Petition Memo at 49-51; Petition Exs. 37-39).

Section 1054.9 does not expressly require that a defendant present a motion for discovery through counsel, or that counsel be appointed for a defendant seeking

such discovery. The statute is silent on how a motion may be made. See Cal. Penal Code § 1054.9. As noted above and evident from the attachments to the Petition, the trial court appointed counsel to represent petitioner in seeking discovery under the statute and petitioner's appointed counsel obtained discovery for petitioner under Section 1054.9, but the trial judge also permitted petitioner to file one *pro se* habeas petition which was considered and denied.

"Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality." Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Because petitioner arguably was afforded all the process he was due by being permitted to present a discovery motion under Section 1054.9 (albeit through counsel), and a habeas petition *pro se* to the Superior Court under Section 1473(a), any purported difference in treatment from other prisoners filing Section 1054.9 discovery motions does not rise to the level of an equal protection violation. Bruce, 351 F.3d at 1288.

Additionally, petitioner cites no authority holding that it is a violation of equal protection for a trial court to reject for filing post-conviction pleadings presented by a petitioner who is represented by appointed counsel, where other represented petitioners are allowed to proceed. Nor has petitioner cited any authority holding that it is a violation of equal protection for a trial court to appoint counsel for some defendants in post-conviction proceedings but not all. As discussed above, there is no clearly established United States Supreme Court authority suggesting that the United States Constitution bestows a right to self-representation upon a petitioner in a post-conviction proceeding. See Martinez, 528 U.S. at 163; In re Barnett, 31 Cal. 4th at 475. In the absence of clearly established federal law, petitioner cannot demonstrate that the decisions of the pertinent California courts rejecting an equal protection claim were contrary to, or involved an unreasonable application of clearly established federal law or were

///

based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

For the foregoing reasons, it plainly appears from the Petition and accompanying documents that petitioner is not entitled to federal habeas relief on Ground Five.

## III. ORDERS

IT IS THEREFORE ORDERED that the Petition is summarily dismissed.

The Court also concludes that a certificate of appealability is unwarranted in this case, because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 10, 2019

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE